IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN MOSES** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 14-4744 |
| | : | |
| **POLICE OFFICER SOTO, ET AL.** | : | |

**McHUGH, J.**                                                                                                               **March 8, 2022**

## MEMORANDUM

Plaintiff Shawn Moses moves to reopen his case pursuant to Fed. R. Civ. P. 60(b)(1). For the reasons that follow, the motion will be denied.

Plaintiff is an incarcerated individual who filed a complaint against Philadelphia police officers for civil rights violations stemming from excessive force allegedly used against him during his apprehension in March 2012. He originally filed this action *pro se* in August 2014. ECF 1. It was dismissed in March 2018 for failure to prosecute, ECF 19, and Plaintiff's appeal of that order was later denied for lack of appellate jurisdiction, ECF 24. Two years later, Plaintiff retained present counsel, Patrick Geckle, Esq., and moved to reopen the case under Rule 60(b)(6), which the Court granted. ECF 28. Plaintiff filed an Amended Complaint in January 2021, ECF 31, which Defendants answered. Soon thereafter, Defendants moved for judgment on the pleadings, arguing that Plaintiff's August 2014 complaint was based upon a March 2012 incident and was therefore time-barred. ECF 36. Plaintiff's counsel, recognizing the validity of this defense, acted responsibly and filed a voluntary notice of dismissal under Rule 41(a)(1)(ii), approved by the Court. ECF 38. The present motion argues for equitable relief from the statute of limitations on the ground that the late filing was the result of Plaintiff's prior counsel belatedly advising him that they were declining representation.

I. **Standard of Review**

Federal Rule of Civil Procedure 60 provides that a party may file a motion for relief from a final judgment on six different grounds. *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017). "The general purpose of Rule 60 … is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The grant or denial of a Rule 60(b) motion "is an equitable matter left, in the first instance, to the discretion of a district court." *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014). Rule 60(b)(1) provides that the "court may relieve a party or its legal representation from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect."

II. **Discussion**

As an initial matter, Rule 60(b) is aimed at correcting injustices that might "call the validity of the *judgment* into doubt." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (emphasis in original). There is no such doubt here, because the statute of limitations had plainly run, warranting the dismissal.

Beyond that, Plaintiff has alleged that his untimely filing was the result of conduct on the part of his prior attorney back in 2014. Taking that allegation at face value, an attorney is expected to know the applicable statute of limitations and protect clients against the consequences of untimely filings. In *Benton v. Vinson, Elkins, Weems & Searls*, 255 F.2d 299 (2d Cir. 1958), the Second Circuit denied relief under Rule 60(b)(1) where a litigant who was also a lawyer sought to rely upon his mistake about the applicable statute of limitations as the basis for opening a previously dismissed case. Where it is an attorney who has failed to be diligent, a client is generally bound, as "parties cannot avoid the consequences of the acts or omissions of [their] freely

selected agent[s]." *Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015).

Finally, the decision here is ultimately an equitable one. Plaintiff was given great leeway in re-opening this matter. When that initial relief was granted, neither the Court nor current counsel knew that when the case was originally filed, it was already barred by the statute of limitations. An additional eight months elapsed between the second dismissal and the motion to open the judgement. The events in question are now some ten years in the past, and the defendants are necessarily prejudiced by the extreme delay. In weighing the competing interests of the parties at this point in the case, the "proper balance" is that this litigation "must be brought to an end." *Boughner,* 572 F.2d at 977.

### III.  Conclusion

For these reasons, Plaintiff's motion will be denied. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge